In re: **Frederick TORRENCE,**
Petitioner.

No. 08–3858.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Oct. 2, 2008.

Opinion filed: Oct. 8, 2008.

Frederick Torrence, Marienville, PA, pro se.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Petitioner Frederick M. Torrence, a prisoner proceeding *pro se*, seeks a writ of mandamus compelling the District Court to order production of discovery materials. For the reasons that follow, we will deny the petition.

Torrence filed a complaint pursuant to 42 U.S.C. § 1983 against prison officials in the United States District Court for the Western District of Pennsylvania. Torrence has filed four motions requesting that the District Court order the production of allegedly discoverable information. The Court denied three such motions, and one remains pending.[1]

---

1. The Court denied Torrence's "Motion for Discovery of Documentary Evidence," No. 31, "Motion for Request for Discovery," No. 40, and "Motion to Compel (Plaintiff's Request for Oral Depositions)," No. 65. The pending motion is Torrence's "Motion for Order to Compel the Production [of Statements and

490

In his petition, Torrence alleges that the District Court arbitrarily denied his discovery motions and colluded with Defendants to deny Torrence a fair trial. He alleges that such actions violate his rights under the First and Fourteenth Amendments to the United States Constitution, and seeks a writ directing the District Court to order that Defendants produce the sought-after information.

Mandamus is an "extraordinary remedy" that we have discretion to award only when a petitioner demonstrates, among other things, a "clear and indisputable" right to relief. *In re Pressman–Gutman Co.*, 459 F.3d 383, 398–99 (3d Cir.2006). Mandamus lies only when there is no other remedy, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and must not be used as a mere substitute for appeal. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 379 (3d Cir.2005). Because Torrence's petition amounts to an appeal of the District Court's denial of his discovery motions, mandamus is not an appropriate remedy and we deny his petition. *See Westinghouse Elec. Corp. v. Philippines*, 951 F.2d 1414, 1422 (3d Cir. 1991).

Testimony]," No. 58, which was entered May 30, 2008.